Lotrean v 3M Co. (2025 NY Slip Op 06136)

Lotrean v 3M Co.

2025 NY Slip Op 06136

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 153361/20|Appeal No. 5138|Case No. 2024-03189|

[*1]Marinel Lotrean et al., Plaintiffs-Respondents,
v
3M Company Formerly Known as Minnesota Mining and Manufacturing etc., et al., Defendants, E.I. Dupont De Nemours and Company, etc., et al., Defendants-Appellants.

Kuchler Polk Weiner LLC, New Orleans, LA (Monique M. Weiner of the bar of the State of Louisiana, admitted pro hac vice, of counsel) for EIDP, Inc., appellant.
Segal McCambridge Singer & Mahoney, Ltd, New York (Michael B. Sena of counsel), for Rust-Oleum Corporation, appellant.
Babst Calland, Clements and Zomnir, P.C., Pittsburgh, PA (Joshua S. Snyder of the bar of the Commonwealth of Pennsylvania and the State of Ohio, admitted pro hac vice, of counsel) for ZEP, Inc., appellant.
Waters Kraus Paul & Siegel, Dallas, Texas (Susannah B. Chester-Schindler of the bar of the State of the Louisiana and State of Texas, admitted pro hac vice, of counsel) for respondents.

Order, Supreme Court, New York County (Bannon, J.), entered on or about April 29, 2024, which, to the extent appealed from, denied the summary judgment motions of defendants E.I. du Pont de Nemours and Company, Rust-Oleum Corporation, and Zep, Inc. d/b/a Zep Manufacturing, unanimously reversed, on the law, without costs, the motions granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendants made a prima facie showing of entitlement to summary judgment by submitting expert affidavits and studies demonstrating that the component solvents in their products, which plaintiff Marinel Lotrean was exposed to at his father's autobody shop, are not carcinogenic. In response, plaintiffs failed to raise an issue of fact, as their experts concentrated on the relationship between exposure to benzene and the risk of developing MDL, rather than the relationship, if any, between exposure to solvents containing benzene as a component and MDL (see Parker v Mobil Oil Corp., 7 NY3d 434 [2006]). While one of the studies cited by plaintiffs showed that the component solvents are often contaminated by benzene, they failed to establish that the solvents in defendants' products were contaminated and, if so, in what amounts. Instead, plaintiffs' experts' opinions were based upon the unsupported assumption that all solvents are contaminated. Further, while plaintiffs' experts pointed to the Peckham study, which concluded that cancers in seven factory workers exposed to toluene was probably caused by exposure to toluene contaminated with benzene, there is no evidence that those exposures were in comparable manners, amounts, or periods of time to plaintiff's exposure. Accordingly, plaintiff failed to create a question of fact on the issue of general causation (see Parker, 7 NY3d 434; see also Nemeth v Brenntag N. Am., 38 NY3d 336 [2022]).
Even if plaintiffs did create a question of fact as to general causation, they failed to raise questions of fact rebutting defendants' prima facie showing of a lack of evidence of specific causation (see Tippin v 3M Co., Alcat, 233 AD3d 635 [1st Dept 2024]; Matter of New York City Asbestos Litig., 207 AD3d 415 [1st Dept 2022], lv denied 39 NY3d 913 [2023]). In calculating plaintiff's alleged lifetime exposure to benzene, plaintiffs' experts assumed that all of the solvent components in all of the products at issue were contaminated in the amount of .1%. This assumption was not supported by any credible evidence, making the exposure calculations of no evidentiary value. Thus, plaintiffs did not adduce evidence that plaintiff was exposed to levels of toxin in any of the defendants' products sufficient to cause his illness (see Nemeth, 38 NY3d at 345).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025